# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN J. BARKER,

               Petitioner,      :      Case No. 3:19-cv-067

    - vs -                                District Judge Walter H. Rice
                                                Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

                                   :
               Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from a sentence imposed in the Common Pleas Court of Montgomery County, Ohio, for various prostitution-related offenses.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. The Clerk has randomly assigned this case to District Judge Rice and it has been referred to the undersigned pursuant to the Dayton General Order of Assignment and Reference for Magistrate Judges (DAY 13-01).

Barker lists his date of conviction as February 7, 2017, and his date of sentencing as November 2, 2016 (Petition, ECF No. 1, PageID 1). Actually he was convicted by a jury on March

1

7, 2013, and initially sentenced on April 3, 2013, in Common Pleas Case 2012-CR-00477. He filed two prior habeas corpus petitions related to that conviction. In Case No. 3:14-cv-321, the Petition was dismissed December 11, 2014 (Decision and Entry, ECF No. 7 in 3:14-cv-321), and Barker took no appeal. In Case No. 3:16-cv-166, the Court found the Petition to be second or successive and ordered it transferred to the United States Court of Appeals for the Sixth Circuit (Transfer Order, ECF No. 9 in 3:16-cv-166). The Court of Appeals agreed the Petition was second or successive and denied Barker leave to proceed under 28 U.S.C. § 2244(b). *In re: Kevin J. Barker*, Case No. 16-4044 (6th Cir. May 4, 2017) (unreported; copy at ECF No. 11 in 3:16-cv-166).

While this history might make it appear Barker required Sixth Circuit permission to proceed with this new Petition, that is not so, because the Common Pleas Court entered an amended termination entry on February 7, 2017[1]. *State v. Barker*, 2nd Dist. Montgomery No. CA 27472, 2018-Ohio-2044 ¶ 6. A second-in-time petition is not second or successive when it follows an intervening judgment. *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015). This Court therefore has jurisdiction to adjudicate this new Petition. *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

Barker pleads eight grounds for relief which are set forth in the attachment to his Petition:

> **Ground One:** The Montgomery County, Second District Court of Appeals ruling, that sentences is voidable, and not void, therefore, *res judicata* bar[s] any constitutional issues from being raised, is contrary to law and rulings made by both the Ohio and United States Supreme Court, resulting in a violation of appellant's constitutional right of due process, as guaranteed by the 5th and 14th Amendment, United States Constitution; Article I, section 5, 10, and 16, Ohio Constitution.

---
[1] This is apparently the entry Barker references at Petition, ECF No. 1, PageID 1, ¶ 2(a).

**Ground Two:** The trial court erred by failing to vacate Appellant's convictions and sentences, and exceeded its jurisdiction to impose sentences upon the appellant, based on un-indicted offenses, thereby violating appellant's right to indictment by grand jury, informed [sic] nature of charges, due process of law and fair trial and double jeopardy, as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution.

**Ground Three:** Trial court committed plain error by failing to provide jury "unanimity" instructions for "multiple act" case, resulted in a violation of appellant's right to due process of law and fair trial, double jeopardy and jury trial, as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution.

**Ground Four:** Trial court erred in granting State's motion to utilize co-conspirator's statements, restricting defendant's cross-examination of co-conspirators and State's key witness Det. St. Clair, resulted in a violation of Petitioner's right to due process of law and fair trial, compulsory process and confrontation of adverse witness, as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution.

**Ground Five:** The trial court abused its discretion in failing to merge allied offenses, resulting in a violation of Appellant's right to due process and double jeopardy, as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution.

**Ground Six:** Appellant's counsel's deficient performance at trial and resentencing hearing, resulted in a violation of Appellant's right to effective assistance of counsel, as guaranteed by the 6th Amendment, United States Constitution.

**Ground Seven:** Appellant's appellate counsel's deficient performance on direct appeal by failing to raise winnable constitutional assignment[s] of error, resulted in a violation of Appellant's right to effective assistance of counsel, as guaranteed by the 6th Amendment, United States Constitution; Article I, Section 10 [of the Ohio Constitution].

**Ground Eight:** Montgomery County Court of Appeals, Second Appellate District, abused its discretion by denying Appellant's App. R. 26(B) Motion, resulted in a violation of Appellant's right to due process and effective assistance of counsel as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution; Article I, Section 10 Ohio Constitution.

(Attachment to Petition, ECF No. 1-1, Appendix, PageID 16-17, 31.)

After Barker was re-sentenced, he appealed to the Second District Court of Appeals. Appointed counsel filed an *Anders* brief. Barker then accepted the court's invitation to submit a brief *pro se* in which he raised five assignments of error. *Barker*, 2018-Ohio-2044, at ¶ 10, citing *Anders v. California*, 386 U.S. 738 (1967). Assignments I through IV raised the same claims as are raised in Grounds Two, Three, Four, and Five here. The Second District declined to reach the merits of those assignments, finding them barred by *res judicata*, because they were or could have been raised in Barker's initial direct appeal. *Id.* at ¶ 17.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Engle v. Isaac*, 456 U.S. 107, 110 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87; *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted). *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis of procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule of criminal *res judicata* that prohibits consideration in later proceedings of an issue which was or could have been raised on direct appeal. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry,* 10 Ohio St. 2d 175, is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Here, the Second District invoked *res judicata* to bar considering these four assignments of error on the merits. *Barker*, 2018-Ohio-2044, at ¶ 17.

Barker does not argue cause and prejudice to excuse his procedural defaults. Instead, in arguing his First Ground for Relief, he takes issue with the Second District's application of *res judicata* altogether. He correctly cites *Magwood v. Patterson*, 561 U.S. 320 (2010), and *King v. Morgan, supra,*, for the proposition that the amended judgment makes his current petition exempt from the second or successive requirement (Attachment to Petition, ECF No. 1-1, PageID 18). But that is a requirement imposed by federal law as part of the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214. No United States Supreme Court or Sixth Circuit precedent

known to this Court abrogates application of the Ohio criminal *res judicata* doctrine just because a petition is not second or successive. Therefore, Grounds Two, Three, Four, and Five should be dismissed as barred by procedural default.

Barker's Fifth Assignment of Error on appeal raised the same claim made in Ground for Relief Six. As to the claim of ineffective assistance of trial counsel at the original trial, the Second District found that claim also barred by *res judicata*. *Barker*, 2018-Ohio-2044, at ¶¶ 24-25. This portion of Ground Six is therefore barred by procedural default in not raising these claims on the initial direct appeal.

The second part of Ground Six is a claim of ineffective assistance of trial counsel at re-sentencing. The Second District decided this claim as follows:

> {¶ 26} Barker also argues that he received ineffective assistance of counsel at his resentencing hearing on November 2, 2016. Specifically, Barker argues that his counsel "had no knowledge of trial facts, or rulings of law" and failed to object to imposition of a fine and court costs without considering his present or future ability to pay.
>
> {¶ 27} In order to establish ineffective assistance of counsel, Barker must establish that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). With respect to deficiency, Barker must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688, 104 S.Ct. 2052. With respect to prejudice, Barker must show that there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052.
>
> {¶ 28} In the instant case, the trial court held the resentencing hearing for the sole purpose of stating on the record its reasons for imposing consecutive sentences. Knowledge of all the facts underlying the indictment or the specific legal rulings made at trial were not necessary for counsel's representation of Barker at the resentencing. At the resentencing hearing defense counsel stated as follows:

> Defense Counsel: *** In preparing for today's hearing I looked over — I reviewed all of the pleadings, read all of the pleadings, including the Second District Court of Appeals, post-conviction relief, all the motions that were filed.
>
> Tr. 23. We note that this would include access to Barker's pre-sentence investigation report (PSI).
>
> **{¶ 29}** Moreover, we note that Barker did not argue on direct appeal that the imposition of consecutive sentences was contrary to law or not supported by the record. Barker also did not challenge the trial court's imposition of a fine and court costs in his direct appeal. As previously stated, the trial court's sole purpose of holding the resentencing hearing was to provide its basis for imposing consecutive sentences, and res judicata applies to all of the other aspects of the merits of Barker's convictions, including the determination of guilt and the lawful elements of the ensuing sentence. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, syllabus ¶ 3. Thus, we find that Barker did not receive ineffective assistance of counsel at his resentencing hearing.

*State v. Barker*, 2018-Ohio-2044.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court such as the claim of ineffective assistance of trial counsel made here, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 100-01(2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Nothing Petitioner has said in support of Ground Six shows this analysis by the Second District is not entitled to deference.

In his First Ground for Relief, Barker argues the Second District violated his constitutional

rights by finding that the original sentence was voidable rather than void. The Second District also decided this issue, holding:

> **{¶ 18}** Barker argues that res judicata does not apply in the instant case because his original termination entry was void since the trial court failed to include the requisite findings for the imposition of consecutive sentences. However, errors in the imposition of consecutive sentences, such as the failure to make the required statutory findings, render the sentences voidable, rather than void. *State v. Bowshier*, 2d Dist. Clark No. 2015-CA-53, 2016-Ohio-1416, ¶ 16 ("the Supreme Court of Ohio 'has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute.'").
>
> **{¶ 10}** Here, the trial court's failure to include the requisite findings for the imposition of consecutive sentences did not render the original sentencing entry void, but merely voidable. Accordingly, res judicata still applies to all of the other aspects of the merits of Barker's convictions, including the determination of guilt and the lawful elements of the ensuing sentence. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, syllabus ¶ 3.

*Barker,* 2018-Ohio-2044.

The question of whether a state judgment entry is void or voidable because it does not include all the formal statements required by state law is not a federal constitutional question. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995). Ground One should be dismissed for failure to plead a claim upon which habeas corpus relief can be granted.

In Ground Seven Barker claims he received ineffective assistance of appellate counsel on appeal from the resentencing when counsel did not raise "winnable" constitutional claims. Barker identifies those claims as the ones he raises in Grounds 2, 3, 4, 5, and 6 (Attachment to Petition, ECF No. 1-1, PageID 30). As noted above, those claims were not winnable because they were largely barred by *res judicata* or are without merit. Thus, Barker's conclusory assessment that these claims were winnable is not borne out by analysis. Although a criminal defendant has a constitutional right to effective assistance of counsel on direct appeal, the attorney need not advance every argument, regardless of merit, urged by the appellant. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983. Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003)., *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527, 535-36 (1986). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017) (alterations in original), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). Because Barker has not pleaded any claims which would have won if raised on direct appeal, Ground Seven should be dismissed.

In Ground Eight Barker, alleges that the Second District abused its discretion in refusing to grant his Application for Reopening his direct appeal under Ohio R. App. P. 26(B). Such an application is the only method by which an Ohio criminal defendant can raise claims of ineffective assistance of appellate counsel. When Barker filed his 26(B) Application, the Second District

decided that all the omitted assignments of error raised in the Application were "essentially the same arguments to reopen that we previously rejected in *Barker II*." *State v. Barker*, Case No. 27472 (2nd Dist. Oct. 19, 2018) (unreported; available www.mcclerkofcourts.org). In other words, it cannot have been ineffective assistance of appellate counsel to fail to raise issues which the Court of Appeals considered from Barker's *pro se* brief and rejected.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 6, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on

appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981);.