# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN J. BARKER,

        Petitioner,  :  Case No. 3:19-cv-067

  - vs -                  District Judge Walter H. Rice
                              Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

                                  :

        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 9) to the Magistrate Judge's Report and Recommendations which concluded dismissal under Rule 4 of the Rules Governing § 2254 Cases is warranted (the "Report," ECF No. 3). District Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 10).

**Litigation History**

As noted in the Report, this is Barker's third habeas corpus case arising out of his conviction by a jury on March 7, 2013, in Montgomery County Common Pleas Case No. 2012-CR-00477. The jury verdicts have remained undisturbed; Barker remains convicted of engaging in a pattern of corrupt activity, two counts of promoting prostitution, and three counts of possession of criminal tools arising from his operation of an escort service called Peekaboodayton. The

factual bases of the convictions are set forth by the Second District Court of Appeals in *State v. Barker*, 2014-Ohio-1269, 2014 Ohio App. LEXIS 1199 (2nd Dist. March 28, 2014)(*Barker I*).

Barker's prior two habeas cases are 3:14-cv-321 in which judgment was entered December 11, 2014,,and Barker took no appeal. Case No. 3:16-cv-166 was transferred to the Sixth Circuit as a second or successive petition and that court refused Barker permission to proceed. *In re: Kevin J. Barker*, Case No. 16-4044 (6th Cir. May 4, 2017) (unreported; copy at ECF No. 11 in 3:16-cv-166).

The instant Petition is not barred as second or successive because the Common Pleas Court entered an intervening amended termination entry on February 7, 2017, in response to Barker's Motion to Correct Void Sentence and/or Judgment. *State v. Barker,* 2018-Ohio-2044, ¶ 1 (2nd Dist. May 25, 2018)(*Barker II*). The trial court granted that motion in part to the extent of stating its findings for imposing consecutive sentences. *Id.* The Second District affirmed and the Ohio Supreme Court declined appellate jurisdiction, 153 Ohio St. 3d 1506 (2018).

Barker then filed the instant Petition, pleading eight grounds for relief:

> **Ground One:** The Montgomery County, Second District Court of Appeals ruling, that sentence is voidable, and not void, therefore, *res judicata* bar[s] any constitutional issues from being raised, is contrary to law and rulings made by both the Ohio and United States Supreme Court, resulting in a violation of appellant's constitutional right of due process, as guaranteed by the 5th and 14th Amendment, United States Constitution; Article I, section 5, 10, and 16, Ohio Constitution.
>
> **Ground Two:** The trial court erred by failing to vacate Appellant's convictions and sentences, and exceeded its jurisdiction to impose sentences upon the appellant, based on un-indicted offenses, thereby violating appellant's right to indictment by grand jury, informed [sic] nature of charges, due process of law and fair trial and double jeopardy, as guaranteed by the 5TH, 6TH, and 14TH Amendment[s], United States Constitution.

**Ground Three:** Trial court committed plain error by failing to provide jury "unanimity" instructions for "multiple act" case, resulted in a violation of appellant's right to due process of law and fair trial, double jeopardy and jury trial, as guaranteed by the 5TH, 6TH, and 14TH Amendment[s], United States Constitution.

**Ground Four:** Trial court erred in granting State's motion to utilize co-conspirator's statements, restricting defendant's crossexamination of co-conspirators and State's key witness Det. St. Clair, resulted in a violation of Petitioner's right to due process of law and fair trial, compulsory process and confrontation of adverse witness, as guaranteed by the 5TH, 6TH, and 14TH Amendment[s], United States Constitution.

**Ground Five:** The trial court abused its discretion in failing to merge allied offenses, resulting in a violation of Appellant's right to due process and double jeopardy, as guaranteed by the 5TH, 6TH, and 14TH Amendment[s], United States Constitution.

**Ground Six:** Appellant's counsel's deficient performance at trial and resentencing hearing, resulted in a violation of Appellant's right to effective assistance of counsel, as guaranteed by the 6TH Amendment, United States Constitution.

**Ground Seven:** Appellant's appellate counsel's deficient performance on direct appeal by failing to raise winnable constitutional assignment[s] of error, resulted in a violation of Appellant's right to effective assistance of counsel, as guaranteed by the 6TH Amendment, United States Constitution; Article I, Section 10 [of the Ohio Constitution].

**Ground Eight:** Montgomery County Court of Appeals, Second Appellate District, abused its discretion by denying Appellant's App. R. 26(B) Motion, resulted in a violation of Appellant's right to due process and effective assistance of counsel as guaranteed by the 5TH, 6TH, and 14TH Amendment[s], United States Constitution; Article I, Section 10 Ohio Constitution.

(Attachment to Petition, ECF No. 1-1, PageID 16-17, 31.)

**The Original Report**

The Report concluded Grounds for Relief Two, Three, Four, and Five should be dismissed as procedurally defaulted because on his most recent appeal, the Second District Court of Appeals had found these claims barred by Ohio's criminal *res judicata* doctrine. (Report, ECF No. 3, PageID 43, citing *Barker II*, 2018-Ohio-2044.) The first part of Ground Six is a claim of ineffective assistance of trial counsel at Barker's original trial that the Second District also found barred by *res judicata* and with which the Report agreed. *Id.*

The second part of Ground Six is a claim of ineffective assistance of trial counsel at resentencing. The Second District decided this claim on the merits and the Report found that decision was not an objectively unreasonable application of relevant United States Supreme Court precedent, particularly *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at PageID 44.

In his First Ground for Relief, Barker argues the Second District violated his constitutional rights by finding that his original sentence was voidable rather than void. The Report recommended denying this claim because it raises only a state law question which is not cognizable in habeas corpus. *Id.* at PageID 45.

In his Seventh Ground, Barker asserts he received ineffective assistance of appellate counsel. The Report recommended denying this claim on the merits because none of the omitted assignments of error would likely have won. *Id.* at PageID 46. In his Eighth Ground, Barker claimed the Second District abused its discretion in refusing to grant his Application for Reopening. Because the Second District had decided these were essentially the same claims it had previously rejected on direct appeal, the Report concluded it could not have been ineffective assistance of appellate counsel to fail to raise them. *Id.* at PageID 47.

**The Objections**

**Decision Made Under Rule 4**

Barker's first objection is that the Magistrate Judge recommended deciding the case under Rule 4 of the Rules Governing § 2254 Cases without ordering the State to answer and provide a full state court record (Objections, ECF No. 9, PageID 61). However, Rule 4 expressly requires a review before an order to answer is entered. A habeas petitioner is not entitled to put the State to the burden of assembling and filing those records unless the Court finds it cannot decide the case without them. Since this is Barker's third habeas corpus case arising out of the events for which he was sentenced on April 3, 2013, it received close scrutiny under Rule 4.

**New Objections to the March 2013 Trial Proceedings**

Having reexamined the March 2013 trial proceedings, Barker now claims he has found four "structural" errors in those proceedings which merit relief (Objections, ECF No. 9, PageID 62-63). These are not claims made in the eight Grounds for Relief Barker pleaded in his Petition, but new claims.

A petition in habeas corpus cannot be amended by adding new claims in objections to a dispositive report and recommendations. Rather, amendments to a habeas petition must be made as provided in 28 U.S.C. § 2242 and Fed.R.Civ.P. 15. Moreover, if Barker now moved to add these four claims, the motion to amend would be denied as futile as these claims are barred by the statute of limitations, 28 U.S.C. § 2244(d) since they arise from the undisturbed conviction.

**Objections to the November 2, 2016, Resentencing**

At the re-sentencing hearing on November 2, 2016, Barker attempted to raise a number of constitutional claims about his conviction including lack of specificity in the indictment and failure to merge the two promoting prostitution counts of which he was convicted with possession of criminal tools (Objections, ECF No. 9, PageID 64-67). These Objections appear principally to relate to the Magistrate Judge's recommendation to dismiss Grounds Two and Five as barred by Barker's procedural default in raising them in the state courts, enforced by the Second District's invocation of *res judicata* (Report, ECF No. 3, PageID 42-43). Ohio's criminal *res judicata* doctrine has been repeatedly held by the Sixth Circuit to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Barker objects that the Second District's *res judicata* decision is "objectively unreasonable." (ECF No. 9, PageID 68.) The objectively unreasonable standard of review in 28 U.S.C. § 2254(d)(1) relates to United States Supreme Court precedent. But Barker cites no Supreme Court precedent that has been thus applied. He relies on *Magwood v. Patterson*, 561 U.S. 320, 332-33, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), but that case, as the Report pointed out, describes when a habeas petition following an amended state judgment is not second or successive. There is no Supreme Court precedent known to the undersigned which limits state court reliance on state *res judicata* law. Even if the Second District had been wrong about Ohio

6

*res judicata* law (and the Magistrate Judge does not believe it was), that would be an error of state law which cannot be reached in habeas corpus.

Barker next objects that his First Assignment of Error on his most recent direct appeal challenged the subject matter jurisdiction of the Common Pleas Court, and the Second District, in refusing to consider it on the merits, is "contrary to Due Process Equal Law." (ECF No. 9, PageID 70.) The Report concluded this claim was barred by procedural default, based on the Second District's *res judicata* ruling (ECF No. 3, PageID 44-45). Barker responds by citing *United States v. Cotton*, 535 U.S. 625 (2002), which he says holds that lack of subject matter jurisdiction can be challenged at any time. *Cotton* actually held that failure to charge the amount of drugs in a federal indictment is error, but does not deprive a federal district court of jurisdiction. *Ex parte Bain*, 121 U.S. 1 (1887), which had held an omission of an element was jurisdictional and could be raised as any time was expressly overruled. Even *Bain,* when it was the law, did not impose on the States a constitutional requirement to consider lack of subject matter jurisdiction at any time.

Barker "specifically objects" to the Magistrate Judge's recommendation to defer to the state court on Ground Six (Objections, ECF No. 9, PageID 71). Ground Six pleads ineffective assistance of trial counsel at both the original trial and on resentencing. As to trial counsel, the Report recommended deferring to the Second District's *res judicata* ruling (Report, ECF No. 3, PageID 43). As to the claim of ineffective assistance of trial counsel on resentencing, the Second District decided this claim on the merits, noting that the sole purpose of the resentencing was to state the reasons for consecutive sentences and that the other issues Barker wanted raised were barred by *res judicata*. *Barker II*, 2018-Ohio-2044, ¶¶ 26-29. It cannot be ineffective assistance of trial counsel to fail to raise issues that are outside the scope of the proceeding in which one is acting as counsel.

**Conclusion**

Having reconsidered the case pursuant to the Recommittal Order, the Magistrate Judge remains persuaded the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 17, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).