IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN J. BARKER,

    Petitioner,

v.

NORM ROBINSON, Warden,
London Correctional Institution,

    Respondent.

Case No. 3:19-cv-67

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #3) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #11); SUSTAINING IN PART AND OVERRULING IN PART PETITIONER'S OBJECTIONS THERETO (DOC. #9, 16); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (DOC. #1); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS; TERMINATION ENTRY

---

In March of 2013, Petitioner Keven Barker was convicted on several prostitution-related charges and sentenced to an aggregate term of eight years in prison. His convictions were affirmed on appeal. His first petition for a writ of habeas corpus, in Case No. 3:14-cv-321, was dismissed and he did not appeal. His second petition for a writ of habeas corpus, filed in Case No. 3:16-cv-166, was transferred to the United States Court of Appeals for the Sixth Circuit, which ultimately denied his request for authorization to file a second or successive petition.

On March 8, 2016, Barker filed a Motion to Correct Void Sentence and/or Judgment. The trial court agreed that it had failed to properly state, on the record, its reasons for imposing consecutive sentences. A resentencing hearing was held on November 2, 2016, so that the trial court could cure this defect. An Amended Termination Entry was filed on November 10, 2016.

Barker again appealed. The Second District Court of Appeals found that, because another appeal was still pending, the trial court lacked jurisdiction to enter the Amended Termination Entry. Accordingly, on February 7, 2017, after the earlier appeal was dismissed, the trial court re-filed the Amended Termination Entry. Again, Barker appealed. After his attorney filed an *Anders* brief, Barker filed a *pro se* brief, raising five assignments of error.[1] On May 25, 2018, the Second District Court of Appeals issued a decision affirming the amended judgment of the trial court. *State v. Barker*, 2d Dist. No. 27472, 2018-Ohio-2044 (May 25, 2018).

On March 5, 2019, Barker filed his third Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1, asserting eight grounds for relief. Although Barker filed two previous habeas petitions, the instant petition is not considered a "second or successive" petition under 28 U.S.C. § 2244(b), given that grows out

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding that when appointed appellate counsel finds appeal to be wholly frivolous, he or she should so advise the court and request permission to withdraw, but must file a brief referring to anything in the record that may arguably support the appeal).

2

of the new judgment issued on February 7, 2017, following his resentencing. *Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010).

On March 6, 2019, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #3, nevertheless recommending that the Court dismiss the Petition with prejudice. After Barker filed Objections, Doc. #9, the Court recommitted the matter to Magistrate Judge Merz, who issued a Supplemental Report and Recommendations, Doc. #11. This matter is currently before the Court on Barker's Objections, Doc. #16, to that judicial filing.

The Court is required to make a *de novo* review of any portions of the Report and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3). Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations, Doc. #3, and his Supplemental Report and Recommendations, Doc. #11, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings. The Court SUSTAINS IN PART and OVERRULES IN PART Barker's Objections thereto, Docs. ##9, 16.

**A.**

Barker first objects to the Magistrate Judge's recommendation that his Petition be dismissed before Respondent is required to file an Answer and the full state court records. Rule 4 of the Rules Governing § 2254 cases, however, requires an initial screening of all petitions. Only if the petition survives that initial screening will a Respondent be required to file an Answer. For the reasons set

3

forth below, the Court finds that Magistrate Judge Merz properly concluded that the Petition does not survive the initial screening. Barker's Objection is, therefore overruled.

**B.**

In his Objections to the initial Report and Recommendations, Doc. #9, Barker stated that, in reviewing the 2013 trial proceedings, he had uncovered four "structural errors." In the Supplemental Report and Recommendations, Doc. #11, Magistrate Judge Merz found that these four claims were not included in Barker's Petition. To the extent that Barker wanted to add new claims, he could not do so in Objections to a Report and Recommendations.

Barker, however, denies that these are new claims. The Court sustains this Objection in part and overrules it in part. The Court agrees with Magistrate Judge Merz that Barker's claim that he was denied effective assistance of counsel when his attorney agreed with the prosecutor and the judge that Barker would not take the stand is not encompassed in the Petition. However, Barker's claims concerning the sufficiency of the indictment, the jury instructions, and the conviction on unindicted "other bad acts" are included in Grounds Two and Three of the Petition. Nevertheless, the Magistrate Judge's error does not affect the outcome of this case.

**C.**

Ground One of the Petition alleges as follows:

**Ground One:** The Montgomery County, Second District Court of

Appeals ruling, that [the] sentence[s] is voidable, and not void, therefore, res judicata bar[s] any constitutional issues from being raised, is contrary to law and rulings made by both the Ohio and United States Supreme Court, resulting in a violation of appellant's constitutional right of due process, as guaranteed by the 5th and 14th Amendment, United States Constitution; Article I, section 5, 10, and 16, Ohio Constitution.

Magistrate Judge Merz recommended dismissal of this claim, holding that "[t]he question of whether a state judgment entry is void or voidable because it does not include all formal statements required by state law is not a federal constitutional question." Doc. #3, PageID#45.

Barker continues to argue that, because the state court sentence was void, the state court improperly invoked the doctrine of *res judicata*. However, he has failed to show that such a claim is cognizable in habeas corpus. This Objection is therefore overruled.

**D.**

Magistrate Judge Merz found that the following claims were procedurally defaulted:

**Ground Two:** The trial court erred by failing to vacate Appellant's convictions and sentences, and exceeded its jurisdiction to impose sentences upon the appellant, based on un-indicted offenses, thereby violating appellant's right to indictment by grand jury, informed [sic] nature of charges, due process of law and fair trial and double jeopardy, as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution.

**Ground Three:** Trial court committed plain error by failing to provide jury "unanimity" instructions for "multiple act" case, resulted in a violation of appellant's right to due process of law and fair trial, double jeopardy and jury trial, as guaranteed by the 5th, 6th,

5

and 14th Amendment[s], United States Constitution.

**Ground Four:** Trial court erred in granting State's motion to utilize co-conspirator's statements, restricting defendant's cross examination of co-conspirators and State's key witness Det. St. Clair, resulted in a violation of Petitioner's right to due process of law and fair trial, compulsory process and confrontation of adverse witness, as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution.

**Ground Five:** The trial court abused its discretion in failing to merge allied offenses, resulting in a violation of Appellant's right to due process and double jeopardy, as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution.

**Ground Six:** Appellant's counsel's deficient performance at trial [], resulted in a violation of Appellant's right to effective assistance of counsel, as guaranteed by the 6th Amendment, United States Constitution.

As Magistrate Judge Merz noted, the state court did not reach the merits of these arguments, "finding them barred by *res judicata*, because they were or could have been raised in Barker's initial direct appeal." Doc. #3, PageID#40. This doctrine is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007). Magistrate Judge Merz further found that, even if the state court improperly applied the doctrine to bar Barker's claims, "that would be an error of state law which cannot be reached in habeas corpus." Doc. #11, PageID#85.

In his Objections, Barker correctly notes that the Sixth Circuit has held that when a new judgment is issued following a resentencing, the petitioner is entitled to file a petition challenging not only the new sentence, but also the original, undisturbed conviction, even on grounds that he could have raised in an earlier petition. *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). It is true that, on

6

habeas review, the doctrine of *res judicata* would not prevent this Court from reaching the merits of Barker's claims asserted in Grounds Two through Six even if the Court had dismissed the same claims in a previous habeas petition. *Id.* at 159-60. However, as the Sixth Circuit noted in *King*, even after a new judgment is entered and the habeas petitioner starts with a clean slate, all habeas petitioners are still required to "show that they did not procedurally default each claim and that they exhausted each claim." *Id.* at 160.

This brings us full circle. The state court determined that Barker's claims "regarding the original indictment, the jury instructions, the admission and/or exclusion of evidence by the trial court, and the merger of allied offenses" were barred by *res judicata* because he could have raised them in his direct appeal and did not. *Barker*, 2018-Ohio-2044, at ¶17. Under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), Barker's claims are procedurally defaulted unless he can demonstrate cause for failing to raise them in his direct appeal and actual prejudice.

Barker argues that he could not have asserted these claims on direct appeal because they did not become "fully ripe" until his November 2, 2016, re-sentencing hearing. The Court disagrees. As the state court noted, the "sole purpose" of the resentencing hearing was so that the trial court could state "on the record its reasons for imposing consecutive sentences." *Barker*, 2018-Ohio-2044, at ¶28. Accordingly, to the extent that Barker now challenges the sufficiency of the indictment, the jury instructions, evidentiary rulings and the merger of allied

offenses, nothing prevented him from raising these issues on direct appeal. Because he has failed to demonstrate cause for the procedural default, the Court cannot reach the merits of these claims. The Court therefore overrules Barker's Objections concerning Grounds Two through Six.

**E.**

In Ground Six, Barker also raised an ineffective-assistance-of-trial-counsel claim with respect to the November 2, 2016, resentencing hearing:

> **Ground Six:** Appellant's counsel's deficient performance at [] resentencing hearing, resulted in a violation of Appellant's right to effective assistance of counsel, as guaranteed by the 6th Amendment, United States Constitution.

The Second District held that that, because the only purpose of the resentencing hearing was for the court to state on the record its reasons for imposing consecutive sentences, counsel's alleged failure to be fully informed of the facts of the case and the specific legal rulings previously made by the court did not satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Barker*, 2018-Ohio-2044, at ¶29.

Barker argues that, at the resentencing hearing, his new attorney should have raised the constitutional objections that Barker now asserts in his habeas petition. Magistrate Judge Merz noted, however, that "[i]t cannot be ineffective assistance of trial counsel to fail to raise issues that are outside the scope of the proceeding in which one is acting as counsel." Doc. #11, PageID#85.

The Court agrees with Magistrate Judge Merz that Barker has failed to show that the state court's decision is contrary to or an unreasonable application of clearly established Supreme Court precedent as set forth in *Strickland*, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, 28 U.S.C. § 2254(d)(1) and (2). Accordingly, the Court overrules Barker's Objection on this issue.

**F.**

Ground Seven asserts an ineffective-assistance-of-appellate-counsel claim:

**Ground Seven:** Appellant's appellate counsel's deficient performance on direct appeal by failing to raise winnable constitutional assignment[s] of error, resulted in a violation of Appellant's right to effective assistance of counsel, as guaranteed by the 6th Amendment, United States Constitution; Article I, Section 10 [of the Ohio Constitution].

Barker argues that, instead of filing an *Anders* brief, his appellate attorney should have raised the constitutional claims that Barker now asserts in Grounds 2-6 of his habeas petition. Magistrate Judge Merz found that, because the claims at issue were either barred by *res judicata* or without merit, they were not "winnable," and that Barker therefore failed to overcome the presumption of effective assistance of counsel.

Barker again argues that the state court erred in applying the doctrine of *res judicata*. The Court rejects this argument for the reasons previously stated and overrules Barker's Objection with respect to Ground Seven.

**G.**

Barker's Eighth Ground for Relief is as follow:

**Ground Eight:** Montgomery County Court of Appeals, Second Appellate District, abused its discretion by denying Appellant's App. R. 26(B) Motion, resulted in a violation of Appellant's right to due process and effective assistance of counsel as guaranteed by the 5th, 6th, and 14th Amendment[s], United States Constitution; Article I, Section 10 Ohio Constitution.

Magistrate Judge Merz noted that, in rejecting Barker's 26(B) Application, the Second District Court of Appeals found that the arguments raised in the Application were ones that it had already considered and rejected. Magistrate Judge Merz therefore concluded that appellate counsel could not be deemed ineffective in failing to raise issues that the court had already rejected.

Barker does not respond to this argument. He simply reiterates his claim that the Second District's denial of his Application resulted in violations of his constitutional rights. Given the Second District's explanation for the denial, the Court finds that Ground Eight fails on the merits.

**H.**

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE Barker's Petition for Writ of Habeas Corpus, Doc. #1.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's

decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 23, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE