# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN J. BARKER,

        Petitioner,    :    Case No. 3:19-cv-067

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

SHERRI DUFFEY, Warden,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Kevin J. Barker under 28 U.S.C. § 2254, is before the Court on Barker's Motion for Reconsideration (ECF No. 22). As a post-judgment motion, it is deemed referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3).

Barker invokes Fed.R.Civ.P. 59(e) under which a motion to amend or alter the judgment may be filed within twenty-eight days of judgment. Judgement was entered in this case on September 24, 2019, and the Motion was filed by being scanned at the London Correctional Institution on October 22, 2019 (see PageID 148). The Motion is therefore timely filed.

Although Barker has filed a Notice of Appeal (ECF No. 19), that Notice does not deprive this Court of jurisdiction to decide the Motion because the Rules of Appellate Procedure postpone the effective date of the Notice until this Motion is decided.

The standard for deciding Motions to Amend the Judgment is set by Sixth Circuit case law:

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*[*of Chippewa Indians v. Engler*], 146 F.3d [367,] 374 [(6th Cir. 1998)], newly discovered

1

> evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis [by Davis v. Jellico Cmty. Hosp., Inc]*, 912 F.2d [129,] 133 [(6th Cir. 1990)]; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), *accord*, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*.

Barker seeks relief from his conviction in the Montgomery County Court of Common Pleas on charges of engaging in a pattern of corrupt activity, promoting prostitution, and possession of criminal tools for which he is serving a sentence of eight years. Having considered *de novo* Barker's Objections to the undersigned's Reports and Recommendations in this case, District Judge Rice ordered the Petition dismissed with prejudice (ECF No. 17).

Barker claims that this Court's failure to make merits rulings on all eight of his pleaded grounds for relief is contrary to the decisions in *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010); *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015); and *Williams v. Taylor*, 529 U.S.362 (2000). (Motion, ECF No. 22, PageID 150.)

*Magwood* and *King* effectively re-start the count on the number of habeas applications a

district court can consider when the state courts have entered a new judgment entry. Barker has received the benefit of this case law in Judge Rice's opinion (Decision and Entry, ECF No. 17, PageID 125-26). But while those cases allow a habeas petitioner to plead anew any claims he previously raised, they do not eliminate the effect of prior state court decisions.

Barker's First Ground for Relief is that the Second District Court of Appeals violated his right to due process when it did not decide the merits of the claims he raised on direct appeal from his 2016 resentencing, but instead concluded those claims were barred by *res judicata* because they could have been but were not raised on his first direct appeal. In rejecting this claim, Judge Rice agreed that any error made by the Second District in applying Ohio *res judicata* doctrine was an error of state, not federal law, and was therefore not cognizable in habeas corpus. *Id.* at PageID 127-28.

The Motion asserts the Second District was wrong, that these errors could not have been raised on the first direct appeal, and that failure to address the merits violates *Evitts v. Lucey*, 469 U.S. 387 (1985). (Motion, ECF No. 22, PageID 151.) *Evitts* recognizes the right of an indigent criminal defendant to appointment of counsel on direct appeal. It says nothing about the cognizability of state court errors of state law in habeas corpus.

As to habeas grounds two, three, four, five, and six, Judge Rice also found them procedurally defaulted on the basis of the state court's *res judicata* finding (Decision and Entry, ECF No. 18, PageID 128-31). Barker raises the same objection as he did with Ground One (Motion, ECF No. 22, PageID 151-52). He has not offered any authority to show Judge Rice was in error in deciding these grounds for relief. Ground Six also contained an ineffective assistance of trial counsel claim related to the resentencing proceeding. Judge Rice concluded the state court ruling was consistent with *Strickland v. Washington,* 466 U.S. 668 (1984). The instant Motion

3

makes no argument on this point.

As to ground seven (ineffective assistance of appellate counsel), Judge Rice concluded the state court's decision was consistent with *Strickland* (Decision and Entry, ECF No. 17, PageID 132). Judge Rice also denied ground eight on the merits. As to these two grounds for relief, Barker argues in a conclusory way that the state court decision is contrary to *Strickland*, but makes no showing this Court erred in applying the *Strickland* standard.

Barker concludes with a mélange of complaints. He argues the Indictment did not give him adequate notice of the charges, an alleged due process violation of *Russell v. United States*, 369 U.S. 749 (1962). (Motion, ECF No. 22, PageID 152-53.) He also claims the trial court judge relied on judicial findings of fact in violation of his right to trial by jury in resentencing him to consecutive prison terms. *Id.* This reiterates the claims made in Ground Two which are discussed above.

**Conclusion**

Barker has not shown any error in Judge Rice's Decision and Entry dismissing this case. Therefore his Motion to Amend should be denied.

October 29, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).