# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN J. BARKER,

        Petitioner,     :     Case No. 3:19-cv-067

 - vs -                          District Judge Walter H. Rice
                                   Magistrate Judge Michael R. Merz

SHERRI DUFFEY, Warden,

                            :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Kevin J. Barker under 28 U.S.C. § 2254, is before the Court on Barker's motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), filed under the label "Motion for Reconsideration" (ECF No. 22). The Magistrate Judge recommended the Motion be denied (ECF No. 24), Barker has objected (ECF No. 25), and District Judge Rice has recommitted the matter for Magistrate Judge reconsideration in light of the Objections (ECF No. 26).

**Litigation History**

To understand Petitioner's Objections in context, it is necessary to rehearse the history of this case. Barker was convicted by a Montgomery County jury in March 2013 of various offenses related to running a prostitution business. On April 3, 2013, he was sentenced to eight years imprisonment (State v. Barker, Case No. 2012-CR-00477). He has filed two prior habeas corpus

actions related to that conviction. In Case No. 3:14-cv-321, the Petition was dismissed December 11, 2014 (Decision and Entry, ECF No. 7 in 3:14-cv-321), and Barker took no appeal. This Court found his second petition in Case No. 3:16-cv-166 to be second or successive and the Sixth Circuit agreed, denying him permission to proceed.

When Barker filed this, his third habeas petition, the Magistrate Judge found it was not "second or successive" because there was an intervening judgment, entered by the Common Pleas Court on February 7, 2017 (Report, ECF No. 3, PageID 38, citing *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015)). However the Report recommended dismissal of most of the grounds for relief as procedurally defaulted, deferring to the Second District Court of Appeals on Barker's appeal from re-sentencing. *State v. Barker*, 2018-Ohio-2044 at ¶ 17. The balance of the claims were found to be without merit.

After Objections by Barker to both the original Report and Supplemental Report, Judge Rice, after *de novo* review, dismissed the Petition with prejudice, denied a certificate of appealability, and found that any appeal would be objectively frivolous (Decision and Entry, ECF No. 17).

**The Fed.R.Civ.P. 59(e) Motion**

Barker timely appealed the final judgment, but also timely filed the instant Motion for Reconsideration. His claim in the Motion is that this "Court's failure to make merits rulings on all eight of his pleaded grounds for relief is contrary to the decisions in *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010); *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015); and *Williams v. Taylor*, 529 U.S.362 (2000)." (Motion, ECF No. 22, PageID 150.) The Magistrate Judge's initial

2

Report on the Motion for Reconsideration found that it was essentially a re-argument of points already rejected by Judge Rice in dismissing the case and should therefore be denied (ECF No. 24).

Barker's instant Objections assert the Second District's decision on appeal from re-sentencing deprived him of Due Process by applying the Ohio *res judicata* doctrine and therefore not considering his claims *de novo*. But there is nothing in federal constitutional law that prevents a state court from applying *res judicata* and indeed the Sixth Circuit has repeatedly upheld application of that doctrine by the Ohio courts to prevent merits consideration of claims in habeas corpus. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Barker argues correctly that he had a right to appeal from the re-sentencing (Objections, ECF No. 25, PageID 191). Ohio recognized that right and indeed appointed an attorney to prosecute that appeal. Barker next argues, correctly, that on that appeal the Second District had a duty to protect his Due Process rights. But it does not follow that the Second District was bound, on due process grounds, to overlook Barker's procedural defaults in his first direct appeal. *Res judicata* is not inconsistent with due process. To put that another way, there is no holding of the United States Supreme Court that a state appellate court must give a criminal defendant a second chance to raise claims he could have raised before.

Barker's lengthy Objections re-argue the merits of his Grounds for Relief (ECF No. 25, PageID 196-207). But this argument is beside the point: this Court already decided most of these claims were barred by a federally-accepted procedural default enforced by the Second District and

Barker has not shown that decision was in error.

**Conclusion**

Having reconsidered the Motion in light of the Objections, the Magistrate Judge again respectfully recommends that it be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 18, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).