IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN J. BARKER,

    Petitioner,

v.

NORM ROBINSON, Warden,
London Correctional Institution,

    Respondent.

Case No. 3:19-cv-67

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #24) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #27); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##25, 32); OVERRULING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. #22); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; CASE TO REMAIN TERMINATED ON DOCKET

---

On September 24, 2019, the Court issued a Decision and Entry dismissing the Petition for Writ of Habeas Corpus With Prejudice, and entered Judgment in favor of Respondent. Docs. ##17, 18. Petitioner filed both a Notice of Appeal with the Sixth Circuit Court of Appeals, Doc. #19, and a Motion for Reconsideration, Doc. #22.

On October 30, 2019, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #24, recommending that the Court overrule the Motion for Reconsideration. After Petitioner filed timely Objections, Doc. #25, the Court recommitted the matter to Magistrate Judge Merz, Doc. #26.

On November 18, 2019, Magistrate Judge Merz issued a Supplemental Report and Recommendations, Doc. #27, again recommending that Petitioner's Motion for Reconsideration be overruled. This matter is currently before the Court on Petitioner's Objections to the Supplemental Report and Recommendations, Doc. #32. The Court must make a *de novo* review of those portions of a Report and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3).

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in the Report and Recommendations, Doc. #24, and the Supplemental Report and Recommendations, Doc. #27, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS those judicial filings in their entirety and OVERRULES Petitioner's Objections thereto, Docs. ##25, 32. Petitioner's Motion for Reconsideration, Doc. #22, is OVERRULED.

Petitioner is correct that, following his resentencing and new judgment, he was entitled to challenge his undisturbed conviction and his new sentence without triggering the "second or successive" requirements. Moreover, he was entitled to raise new claims, even if he could have raised them in the first petition. *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). The doctrine of *res judicata* does not prevent *this* Court from reaching the merits of those newly-asserted claims. *Id.* at 159-60.

Nevertheless, Petitioner must still first show that those claims are not procedurally defaulted. *Id.* at 160. In this respect, the *state* court's application of

2

the doctrine of *res judicata*, which is an adequate and independent state ground of decision, forecloses this Court's consideration of the merits of many of the claims asserted in the habeas corpus petition.

The state appellate court rejected Petitioner's claim that, because the original termination entry was void instead of voidable, the doctrine of *res judicata* does not apply. *State v. Barker*, 2018-Ohio-2044, 2018 WL 2383007, at ¶¶18-19 (2d Dist. May 25, 2018). To the extent that Petitioner, in Ground 1 of his Petition, argues that the state court erred in so ruling, Magistrate Judge Merz properly found that this is an issue of state law that is not cognizable in habeas corpus.

As to the claims asserted as Grounds 2 through 5, and the ineffective-assistance-of-trial-counsel portion of Ground 6, the state court refused to reach the merits of these claims, finding that, because Barker could have raised these claims in his first appeal, they were barred by the doctrine of *res judicata*. Petitioner argues that this violated his due process rights. The state court's application of the doctrine of *res judicata* in an "adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Petitioner has failed to establish cause to overcome the procedural default. Moreover, as Magistrate Judge Merz noted, even if the state court erred in its application of the doctrine of *res judicata*, such a claim is not cognizable in habeas corpus. Accordingly, this

Court cannot reach the merits of Grounds 2-5 or the ineffective-assistance-of-trial-counsel portion of Ground 6.

The portion of Ground 6 that raises a claim of ineffective assistance of counsel at resentencing, and Grounds 7 and 8 are not procedurally defaulted. Nevertheless, they fail on the merits. As to the ineffective-assistance-of-counsel claims asserted in Grounds 6 and 7, Petitioner has failed to prove that the state court's decision was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). In addition, the Court cannot find that the state court abused its discretion in denying his Application for Reopening his direct appeal under Ohio R. App. P. 26(B), as asserted in Ground 8. Given that the state court had already considered and rejected those same arguments, appellate counsel's failure to raise those issues did not constitute deficient performance.

For these reasons, the Court OVERRULES Petitioner's Motion for Reconsideration, Doc. #22.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

This case shall remain terminated on the Court's docket.

Date: January 31, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE