## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

KEVIN J. BARKER,

          Petitioner,      :         Case No. 3:19-cv-00067

  - vs -                        District Judge Walter H. Rice
                                  Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
London Correctional Institution,

                            :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case, brought by Petitioner Kevin Barker to obtain relief from his conviction and a sentence imposed in the Common Pleas Court of Montgomery County, Ohio, for various prostitution-related offenses.  The case is before the Court on Petitioner's *pro se* Emergency Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b)(1), (4), and (6)("Emergency Motion," ECF No. 40).

Although sometimes a Rule 60(b) motion has been characterized as a second or successive habeas corpus petition requiring permission from the circuit court under 28 U.S.C. § 2244(b) to proceed, this Emergency Motion is not a second-or-successive petition because it seeks to correct what it claim is an error in the Court's original judgment in this case.  That is a proper use of Rule 60(b) without satisfying § 2244(b).  *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

Petitioner claims the prior judgment rested on "a procedural defect: the failure to treat

1

Petitioner's 2016 resentencing as a "new judgment" and to afford one full merits review of constitutional claims challenging that new Judgment." (Emergency Motion, ECF No. 40, PageID 259).

The first branch of this claim is based on a false premise. The Court did in fact treat the re-sentencing as embodied in a "new judgment." The undersigned Magistrate Judge to whom the case continues to be referred, wrote Petitioner did not need circuit permission to proceed

> because the Common Pleas Court entered an amended termination entry on February 7, 2017. *State v. Barker*, 2nd Dist. Montgomery No. CA 27472, 2018-Ohio-2044 ¶ 6. A second-in-time petition is not second or successive when it follows an intervening judgment. *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015). This Court therefore has jurisdiction to adjudicate this new Petition. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

(Report and Recommendations of March 6, 2019, ECF No. 3, PageID 38). The Report than recited Barker's eight grounds for relief and recommended that they all be dismissed, either because they were procedurally defaulted or because the state court decision rejecting them was entitled to deference under 28 U.S.C. § 2254(d)(1). Judge Rice adopted[1] this Report on September 24, 2019 (ECF No. 17). This Court and the Sixth Circuit denied a certificate of appealability (ECF Nos. 35, 36).

The second part of Barker's claim in his Emergency Motion is that the Court's prior judgment deprived him unconstitutionally of "one full merits review of the new judgment." (Emergency Motion, ECF No. 40, PageID 260). For that proposition, he cites *Magwood v. Patterson*, 561 U.S. 320 (2010); *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016); and *King v.*

---

[1] The judge accepted Barker's objection that, contrary to the Report's conclusion, he had adequately pleaded his "claims concerning the sufficiency of the indictment, the jury instructions, and the conviction on unindicted "other bad acts" are included in Grounds Two and Three of the Petition." Judge Rice nevertheless concluded this error did not affect the outcome of the case (Decision and Entry, ECF No. 17, PageID 127).

*Morgan*, 807 F.3d 154 (6th Cir. 2015).  None of these cases stand for that proposition.  Instead, they all allow a second-in-time habeas petition to proceed after a re-start of the statute of limitations.  None of them require a State to forego its ordinary defenses of a conviction as, for example, *res judicata*.  Judge Karen Nelson Moore's denial of a certificate of appealability in this case supports that proposition.  She wrote:

> The district court rejected Barker's first claim on the merits because it raised only an issue of state law. Barker argued that the State erred in finding that claims he had not raised in his original appeal but raised after his resentencing were barred by res judicata. Barker relied on *Magwood v. Patterson*, 561 U.S. 320, 342 (2010), and *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015), which held that a federal habeas corpus petition filed after a resentencing is not a second or successive petition. But those cases say nothing about whether the State of Ohio is required to abandon its res judicata rules after resentencing. Barker was still required to show that his claims were not procedurally defaulted in the state courts. *King*, 807 F.3d at 160. Reasonable jurists would not find the district court's assessment that this claim was an issue of state law only debatable.

(Order, ECF No. 36, PageID 250-51).  In other words, review on the merits does not mean the Court must overlook the State's defenses.  The complained-of judgment resulted from this Court's review on the merits.  Therefore Petitioner's Emergency Motion is completely without merit.

Not only is the Emergency Motion without merit; it is also procedurally deficient.  Mr. Barker purports to bring his motion under Fed.R.Civ.P. 60(b)(1), (b)(4), and (b)(6).  Barker does not explain how his claim comes within 60(b)(1), but any (b)(1) claim must be brought within one year of the complained-of judgment. Fed.R.Civ.P. 60(c).  Judgment was entered here September 24, 2019, substantially more than six years before the Emergency Motion was filed on March 6, 2026.  Barker also does not explain how the judgment is void or give any other reason that justifies relief.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Emergency Motion be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 9, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #