# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN J. BARKER,

                     Petitioner,        :          Case No. 3:19-cv-00067

      - vs -                               District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
London Correctional Institution,

                                           :
             Respondent.

---

## SUBSTITUTED REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case, brought by Petitioner Kevin Barker to obtain relief from his conviction and a sentence imposed in the Common Pleas Court of Montgomery County, Ohio, for various prostitution-related offenses. The case is before the Court on Petitioner's *pro se* Emergency Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b)(1), (4), and (6)("Emergency Motion," ECF No. 40). The undersigned, to whom the case was referred when it was filed in 2019 under the then-operative General Order for Habeas Corpus Cases at the Dayton location of court, recommended on March 9, 2026, that the Emergency Motion be denied (the "Report," ECF No. 43). Since then Petitioner has filed two sets of Objections (the "Supplemental Objections," ECF No. 46, and the "Objections," ECF No. 47). To consolidate analysis for the District Judge, the Report is WITHDRAWN and this Substituted Report filed in its stead.

1

**Analysis of the Emergency Motion As Filed**

Although sometimes a Rule 60(b) motion has been characterized as a second or successive habeas corpus petition requiring permission from the circuit court under 28 U.S.C. § 2244(b) to proceed, this Emergency Motion is **not** a second-or-successive petition because it seeks to correct what it claims is an error in the Court's original judgment in this case.  That is a proper use of Rule 60(b) without satisfying § 2244(b).  *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

Petitioner claims the prior judgment rested on "a procedural defect: the failure to treat Petitioner's 2016 resentencing as a "new judgment" and to afford one full merits review of constitutional claims challenging that new Judgment."  (Emergency Motion, ECF No. 40, PageID 259).

The first branch of this claim is based on a false premise.  The Court did in fact treat the re-sentencing as embodied in a "new judgment."  The undersigned wrote Petitioner did not need circuit permission to proceed

> because the Common Pleas Court entered an amended termination entry on February 7, 2017. *State v. Barker*, 2nd Dist. Montgomery No. CA 27472, 2018-Ohio-2044 ¶ 6. A second-in-time petition is not second or successive when it follows an intervening judgment. *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015). This Court therefore has jurisdiction to adjudicate this new Petition. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

(Report and Recommendations of March 6, 2019, the "2019 Report," ECF No. 3, PageID 38).  The Report then recited Barker's eight grounds for relief and recommended that they all be dismissed, either because they were procedurally defaulted or because the state court decision rejecting them was entitled to deference under 28 U.S.C. § 2254(d)(1). Judge Rice adopted the conclusions of the 2019 Report on September 24, 2019 (ECF No. 17).  Judge Rice and the Sixth Circuit both denied a certificate of appealability (ECF Nos. 35, 36), holding that dismissal on the basis given in the

2

Original Report was not a debatable conclusion among jurists of reason.

The second part of Barker's claim in his Emergency Motion is that the Court's prior judgment deprived him unconstitutionally of "one full merits review of the new judgment." (Emergency Motion, ECF No. 40, PageID 260). For that proposition, he cites *Magwood v. Patterson*, 561 U.S. 320 (2010); *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016); and *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). None of these cases stand for that proposition. Instead, they all allow a second-in-time habeas petition to proceed after a re-start of the statute of limitations. None of them require a State to forego its ordinary defenses of a conviction as, for example, *res judicata*. Judge Karen Nelson Moore's denial of a certificate of appealability in this case supports that proposition. She wrote:

> The district court rejected Barker's first claim on the merits because it raised only an issue of state law. Barker argued that the State erred in finding that claims he had not raised in his original appeal but raised after his resentencing were barred by res judicata. Barker relied on *Magwood v. Patterson*, 561 U.S. 320, 342 (2010), and *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015), which held that a federal habeas corpus petition filed after a resentencing is not a second or successive petition. But those cases say nothing about whether the State of Ohio is required to abandon its res judicata rules after resentencing. Barker was still required to show that his claims were not procedurally defaulted in the state courts. *King*, 807 F.3d at 160. Reasonable jurists would not find the district court's assessment that this claim was an issue of state law only debatable.

(Order, ECF No. 36, PageID 250-51). In other words, review on the merits does not mean the Court must overlook the State's defenses. The complained-of judgment resulted from this Court's review on the merits. Therefore Petitioner's Emergency Motion is completely without merit. Judge Moore's conclusion that the dismissal would not be debatable among jurists of reason is now the law of the case.

Not only is the Emergency Motion without merit; it is also procedurally deficient. Mr.

Barker purports to bring his motion under Fed.R.Civ.P. 60(b)(1), (b)(4), and (b)(6).  Barker does not explain how his claim comes within 60(b)(1), but any (b)(1) claim must be brought within one year of the complained-of judgment. Fed.R.Civ.P. 60(c).  Judgment was entered here September 24, 2019, substantially more than six years before the Emergency Motion was filed on March 6, 2026.  Barker also does not explain how the judgment is void or give any other reason that justifies relief.

Based on that analysis, the Magistrate Judge recommended in the Report that the Emergency Motion be denied and that Petitioner again be denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

**Barker's Objections**

For reasons he does not explain, Barker filed two sets of objections (ECF Nos. 46 and 47). They will be considered here in the order in which they were filed **Supplemental Objections** first.

**Objection One:  Judicial Fact-Finding Violates Sixth Amendment** #

In his First Objection Barker asserts that in his 2016 re-sentencing the trial judge "relied upon findings that Petitioner was guilty of human trafficking and soliciting. Petitioner was never indicted, charged, or convicted of those offenses," relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U. S. 296 (2004), *Alleyne v. United States*, 570 U.S. 99 (2013), *United States v. White*, 551 F.3d 381 (6th Cir. 2008), which Petitioner asserts stand for the proposition that "any fact that increases punishment must be found by a jury beyond a reasonable doubt."  (ECF No. 46, PageID 276).  That is a misreading of *Apprendi*.  The Court in that case held that any specification – any additional fact which authorizes a greater penalty which increases

4

the maximum possible punishment must be subject to jury determination.  Frequent examples in Ohio law would be the specification that a drug dealer was carrying a firearm or that the victim in a rape case was under thirteen.  The rape itself is proved by convincing a jury that there was sexual conduct without consent; the under thirteen specification must also be found by the jury by proof beyond a reasonable doubt.  Thus Barker's *Apprendi* claim is without merit.

Secondly, this *Apprendi* claim is untimely and barred by the AEDPA one-year statute of limitations.  No *Apprendi* claim was included in the Petition and Barker has neither sought nor obtained permission to amend.

Third, there is no mention of *Apprendi* even in the Emergency Motion.  A litigant cannot obtain review of a claim omitted from a motion by including in objections to a recommended disposition of that motion.

## Objection Two:  New Judgment Creates New Right To Review

Objection Two raises again Barker's claimed right to a new habeas case after a new judgment is entered in the state court.  But this Court did not treat Barker's 2019 filing as a second or successive petition.

## Objection Three:  Res Judicata was Improperly Applied

The Sixth Circuit has already held that the State courts Application of *res judicata* was not improper.  See Judge Moore's opinion, *supra*, which establishes the law of the case on this point.

## Objection Four:  Due Process Violation

In his Fourth Objection, Barker claims the state court's refusal to consider his constitutional

claims violated his right to appellate review, citing *Evitts v. Lucey*, 469 U.S. 387 (1985).  There is no federal constitutional right to an appeal.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005); and *Jones v. Hendrix,* 599 U.S. 465 (2023).  The holding in *Evitts* is that if the State grants an appeal, equal protection demands it provide appointed counsel to the indigent appellant.

**Objection Five:  Federal Courts Must Intervene**

This Objection reads  "When state courts fail to adjudicate federal constitutional claims, federal courts must intervene. The failure to review Petitioner's claims results in a miscarriage of justice.  See *Brown v. Allen,* 344 U.S. 443 (1953)".  The Constitution and the Judicial Code govern exercise of this Court's habeas corpus power and do not authorize us to intervene any time we perceive a failure of the state courts to adjudicate a federal claim.  *Brown v. Allen* supported a broad interpretation of the habeas power as it existed in 1953, but it has been progressively narrowed since then in, for example, *Stone v. Powell*, 428 U.S. 465 (1976), and the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

Petitioner's Objections (ECF No. 47) were filed later than the Supplemental Objections. By and large, he raises the same issues which are dealt with above.  In addition he asserts:

**VII. Extraordinary Circumstances Warrant Rule 60(B) Relief**

However, he has cited no extraordinary circumstances which would warrant relief from the judgment in this case.

**VIII. Observation Regarding Lack Of Adversarial Response**

> Petitioner also notes that several filings in this federal proceeding appear to have been resolved without a substantive response from the State addressing the constitutional arguments presented. To the extent the issues were resolved without adversarial briefing,

6

> Petitioner respectfully submits that full briefing may assist the Court in ensuring that the constitutional issues raised receive meaningful consideration consistent with due process.

(Objections, ECF No. 47, PageID 281). Respondent of course has a right to respond to Petitioner's filings and if Judge Rice wishes additional briefing from Respondent he can surely obtain it. But it is no proper objection to a Magistrate Judge's report and recommendations that it was decided without input from the party who will prevail if the Report is adopted.

### IX. Certificate Of Appealability

> Under *Slack v. McDaniel*, 529 U.S. 473 (2000), a certificate of appealability should issue where reasonable jurists could debate the correctness of the Court's decision. Because the issues involve the legal consequences of a resentencing judgment and constitutional claims never reviewed on their merits, reasonable jurists could disagree with the conclusions reached in the Report.

*Id.* The Report recommends denying a certificate of appealability. An objection to that conclusion should at least cite some reasonable jurist who has disagreed with any of the conclusions in the Report. The Objections cite no such reasonable jurist or indeed any jurist at all.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Petitioner's objections be overruled and the Emergency Motion denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 26, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #