IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN J. BARKER, :

Petitioner,

v. : Case No. 3:19-cv-67

WARDEN, London Correctional Institution, : JUDGE WALTER H. RICE

Respondent. :

---

DECISION AND ENTRY ADOPTING THE SUBSTITUTED REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #48); OVERRULING OBJECTIONS THERETO OF PETITIONER KEVIN J. BARKER (DOC. #49); OVERRULING PETITIONER'S EMERGENCY MOTION FOR RELIEF FROM JUDGMENT (DOC. #40); NO CERTIFICATE OF APPEALABILITY TO ISSUE

---

This matter is before the Court on Magistrate Judge Michael R. Merz's Substituted Report and Recommendations. Doc. #48, and the objections thereto of Petitioner Kevin J. Barker ("Petitioner"). Doc. #49. This Court has reviewed said Report, the applicable law, and the Objections thereto, and has conducted a thorough *de novo* review of the Petitioner's Emergency Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b), the record from both this case and the state court, and all related filings.

For the reasons set forth below, the Court ADOPTS the Report and Recommendations and overrules the objections thereto, and, in doing so, OVERRULES Petitioner's Emergency Motion for Relief from Judgment. Doc. #40.

## I. Procedural Background

Petitioner's case in federal court began in 2019. At that time, he filed a petition for writ of habeas corpus, which this Court dismissed with prejudice on September 24, 2019. Doc. #17. He then sought reconsideration of that dismissal, which was, likewise, overruled on January 31, 2020. Doc. #35. His latest filing is an Emergency Motion under Fed. R. Civ. P. 60(b)(1), (b)(4), and (b)(6), seeking to reopen this Court's initial dismissal of his petition for wit of habeas corpus.

## II. Analysis

As Magistrate Judge Merz accurately points out, Petitioner cannot sustain a motion under Fed. R. Civ. P. 60(b)(1) because his motion was filed more than one year after the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgement or order of the date of the proceeding.").

Likewise, Petitioner's other proffered bases for the motion—60(b)(4) ("the judgment is void") and 60(b)(6) ("any other reason that justifies relief")—fail to justify relief from the prior judgment. Rather than explain how the judgment was

void or how his case justifies relief, he repeats many of the same arguments considered, and dismissed, in 2019. For example, he claims that the 2016 resentencing which occurred in state court, created a new judgment from which he was entitled to additional review. Of course, this fact was confirmed by Magistrate Judge Merz in his March 6, 2019, Report and Recommendations and adopted as true by this Court in 2019. Docs. #3, 17. This fact was incorporated into the 2019 Decision and, for obvious reasons, Petitioner cannot argue here that this is somehow a new fact justifying reopening of the case.

Petitioner's objections to the Substitute Report and Recommendations does add a new argument: that the jury verdict did not provide sufficient particularity on the grounds of his guilt and would not permit a reviewing court to understand precisely the conduct of which he was convicted. However, even if true, this argument does not explain how it would necessarily void this Court's 2019 Decision. Rather, this objection attempts to raise, for the first time, a new ground upon which he believes a petition for writ of habeas corpus should be granted. Such a claim would constitute a "second or successive" application for relief, upon which this Court would not have jurisdiction to adjudicate. *See* 28 U.S.C. § 2244(b). Resultingly, the claim cannot and will not be adjudicated by this Court.

In summary, Petitioner has not shown sufficient reason to justify reopening this case by providing relief under Fed. R. Civ. P. 60(b)(1), (b)(4), or (b)(6).

Accordingly, his Emergency Motion for Relief from Judgment, Doc. #40, is OVERRULED.

**III. Conclusion**

For the foregoing reasons, The Magistrate Judge's Substituted Report and Recommendations, Doc. #48, is ADOPTED; Petitioner's Objections to the Report, Doc. #49, are OVERRULED; and Petitioner's Emergency Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(1), (4), and (6), Doc. #40, is OVERRULED.

The Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and that the result reached herein would not be debatable among reasonable jurists. Petitioner is denied a certificate of appealability.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 18, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE